**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4257**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

STEPHEN MAURICE BURKS,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:13-cr-00144-REP-1)

_____

Submitted: November 20, 2014     Decided: December 5, 2014

_____

Before AGEE, DIAZ, and THACKER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Gregory B. English, ENGLISH LAW FIRM, PLLC, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Jessica D. Aber, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Maurice Burks pled guilty, pursuant to a written plea agreement, to mail fraud, in violation of 18 U.S.C. § 1341. On appeal, Burks asserts that the district court erred by departing upward in calculating his sentence based on the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") and that trial counsel was ineffective for failing to sufficiently develop the record at sentencing. In response, the Government contends that Burks's waiver of appellate rights in his plea agreement forecloses the appeal of his sentence. We dismiss the appeal.

Pursuant to a plea agreement, a defendant may waive his appellate rights. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A waiver will preclude an appeal of an issue "if [the waiver] is valid and the issue appealed is within the scope of the waiver." United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012). "An appellate waiver is valid if the defendant knowingly and intelligently agreed to [waive the right to appeal]." Manigan, 592 F.3d at 627. To determine whether a waiver is knowing and intelligent, we look to the sufficiency of the plea colloquy and examine the totality of the circumstances. United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States

2

v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013).

Burks challenges the district court's upward departure in calculating his Guidelines range. Our review of the record leads us to conclude that Burks's appellate waiver was both knowing and intelligent. Because the waiver is valid, Burks is precluded from challenging the calculation of his Guidelines range.

The appellate waiver does not, however, bar Burks's claim that trial counsel was ineffective at sentencing. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Nevertheless, ineffective assistance of counsel claims are not addressed on direct appeal unless counsel's ineffectiveness appears conclusively on the record. United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012). Because ineffective assistance does not conclusively appear on the record before us, we decline to review Burks's ineffective assistance claims on direct appeal. Burks may, nonetheless, reassert his claim through a 28 U.S.C. § 2255 habeas petition in order to allow for adequate development of the record. See Powell, 680 F.3d at 359.

Accordingly, we dismiss Burks's appeal. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED